**Dorothy G. ADAMS, et al.**

v.

**GATES LEARJET CORPORATION.**

### Civ. A. No. 4–86–782–E.

United States District Court,
N.D. Texas,
Fort Worth Division.

Aug. 9, 1988.

See also 711 F.Supp. 1377.

Victoria C. Swanson, Schaden, Heldman & Lampert, Denver, Colo., and Ralph Modad, Houston, Tex., for plaintiffs.

Dan Horn, John Moore and Wallace E. Maloney, Maloney & Smith, Dallas, Tex., and Stephen P. Kenney, David J. Adams, Lord, Bissell & Brook, Chicago, Ill., for defendant.

ORDER

MAHON, District Judge.

Defendant Gates Learjet ("Learjet") moves the Court for a choice of law determination and the entry of summary judgment against the Plaintiffs. The Plaintiffs' oppose Learjet's motion, and the matter, at least as to the conflicts question and some of the Plaintiffs' claims, is ripe for determination. Other motions, also pending in this cause, are dealt with summarily in this Order.

*Choice of Law Determination*

The Plaintiffs in this case reside in Texas, Missouri, Colorado, Oklahoma, Nevada, Florida, Michigan, and Oregon. Only three of the twelve Plaintiffs reside in Texas. The relationship of these three Plaintiffs to Texas is particularly tenuous. Plaintiff James Brock had the airworthiness directive modifications[1] done at Learjet in Kansas. Brock has never paid for these modifications. Plaintiff Tri City entered into a purchase agreement with Learjet which provides that the law of Kansas will be controlling in any disputes between the parties. Plaintiff Heritage–Fisher purchased its aircraft after the AD in question was issued.

The tenuous link these Plaintiffs have with Texas would lend scant support for the selection of Texas law to control the merits of this suit. Defendant Gates Learjet, on the other hand, is a Kansas Corporation. The aircraft in issue were designed and manufactured in Kansas. An FAA office in Kansas was responsible for the required modifications. The installation kits which were designed to bring the aircraft into compliance were manufactured by Learjet in Kansas. All of the Defendant's alleged liability arises from conduct occurring in Kansas.

A federal district court is bound by the choice of law rules in which it sits.[2] Therefore, the choice of law rules of Texas apply to this case. In *Duncan v. Cessna*, the Texas Supreme Court set forth the principle controlling choice of law determinations: "in all choice of law cases, except those contract cases in which the parties have agreed to a valid choice of law clause, the law of the state with the most significant relationship to the particular substantive issue will be applied to resolve that issue."[3]

Clearly, under the "most significant relationship" test set forth in *Duncan*, the law of Kansas must control the substantive issues in this case. Kansas, as the situs of Learjet's incorporation and manufacturing facilities, is closely linked to the Plaintiff's cause of action which challenges the design, manufacture, sale, and certification of Learjet's aircraft. As Judge Bue recognized in *Continental Oil Company v. General American Transportation Corporation*, the state in which a defendant-manufacturer is located "has a significant interest in determining the liability of in-state manufacturers and, accordingly, controlling defendant's conduct."[4] Thus, Kansas has the most significant relationship to merits of this controversy and its substantive law will control. The application of Kansas law will ensure "certainty, predictability, and uniformity of result"[5] in this case.

Accordingly, it is ORDERED that Kansas law govern any conflicts of law with regard to the substantive issues in this case. Since Kansas law is controlling, Learjet's motion for summary judgment as to the Plaintiffs' Texas Deceptive Trade Practices Act ("DTPA") claims (Count V of the Plaintiffs' Second Amended Complaint) must be GRANTED. The Plaintiffs' TDPA claims are DISMISSED with preju-

1. The Airworthiness Directive that underlies this litigation is A.D. 84–17–02, hereinafter "AD." The gravamen of the Plaintiff's complaint is that they incurred costs to comply with the safety regulations issued by the Federal Aviation Administration ("FAA") in the form of the AD.

2. *Randall v. Arabian American Oil Co.,* 778 F.2d 1146, 1152 n. 9 (5th Cir.1985).

3. 665 S.W.2d 414, 421 (Tex.1984).

4. 409 F.Supp. 288, 296 (S.D.Tex.1976).

5. Restatement (Second) of Conflicts § 6 (1971).

dice. Learjet's counterclaim against the Plaintiffs under the DTPA is likewise DISMISSED with prejudice.

*Plaintiffs' Response in Opposition to Summary Judgment Cites Only Texas Law*

In opposition to Learjet's summary judgment motion, the Plaintiffs' rely primarily on Texas case law to support their contention that material issues of fact exist regarding the Plaintiffs' remaining claims which preclude summary judgment.[6] In light of the Court's above determination that Kansas law is controlling, the Plaintiffs must be given additional time to supplement their summary judgment response based on Kansas law.

Accordingly, the Court ENTERS the following summary judgment briefing schedule. The Plaintiffs are given 20 days from the date of notice of this Order to supplement their summary judgment response. Upon service of the Plaintiffs' supplemented response, the Defendants are GRANTED leave to file a reply brief within 15 days of the service date. As this briefing period extends past the August 22, 1988, bifurcated trial setting of this case, the trial on liability issues is RESET for May 22, 1989, at 9:00 a.m.

*Learjet's Motion to Dismiss the Claims of Dulles Equities and Suncoast Aviation*

Learjet's request to dismiss the claims of Dulles Equities and Suncoast Aviation is unopposed. Despite repeated requests from Plaintiffs' counsel, Dulles Equities and Suncoast Aviation have remained totally unresponsive. On February 3, 1988, this court entered an order compelling discovery from these plaintiffs and warning them that failure to do so would result in the dismissal of their claims.

As Dulles Equities and Suncoast Aviation have yet to comply with the Court's February 3 Order, their claims against Learjet are DISMISSED with prejudice.

Learjet has made no showing that its efforts in regard to Dulles Equities and Suncoast Aviation were any different from those already expended to defend against the claims of the remaining Plaintiffs. Moreover, Learjet's counsel refused to confer with opposing counsel and agree to the dismissal of these Plaintiffs, thus avoiding a waste of time on both the part of counsel and the Court. Accordingly, Learjet's motion for costs and attorneys fees incurred in defending against the claims of Dulles Equities and Suncoast Aviation is DENIED.

*Learjet's Motion to Dismiss the Claims of James Brock and Its Counterclaim against Him*

During the pendency of this action, Plaintiff James Brock has been involved in bankruptcy proceedings. The proceedings against him were recently converted from Chapter 11 proceedings to Chapter 7, and pursuant to a foreclosure sale, the Brock aircraft was sold. From the proceeds of the sale, Learjet was paid the cost of its modifications required by AD 84–17–02 and owed by Brock. Thus, the damages sought by Learjet in its counterclaim against Brock have been satisfied. Accordingly, Learjet's counterclaim against Brock is DISMISSED with prejudice.

As the trustee in bankruptcy apparently intends to continue the prosecution of the estate's claims against Brock in a bankruptcy court in Houston,[7] Learjet's motion to dismiss the claims of Brock against it is DENIED. Similarly, Learjet's motion for summary judgment on Brock's claims is also DENIED.

*Other Motions*

Learjet's motion to dismiss the claims of Plaintiff Heritage–Fisher Investment Corporation is DENIED. The Plaintiffs' motion to amend supplemental additional undisputed facts proposed by Plaintiffs is GRANTED. Plaintiffs' proposed supplemental facts have been filed concurrently

---

6. After the dismissal of the Plaintiffs' DTPA claims, the Plaintiffs' cause of actions consists of negligence, fraud/misrepresentation, breach of implied warranties, and violations of federal air regulations (negligence per se).

7. Counsel for the Plaintiffs has promised to forward Orders entered by the Houston bankruptcy court to this Court and counsel.

with this Order. Learjet's motion to compel responses to the its fifth set of interrogatories is redundant and excessive and is, accordingly, DENIED.